# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| **Case No.** | CV 18-3989 FMO (Ex) | **Date** | July 2, 2018 |
| **Title** | Tropical Textile, Inc. v. J & S, LLC, et al. | | |

**Present: The Honorable** Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal and Sanctions

On May 14, 2018, plaintiff Tropical Textile, Inc. ("plaintiff") filed a Complaint alleging causes of action for direct, vicarious, and contributory copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., against defendants J & S, LLC d/b/a Bling Boutique ("J & S"), Jennifer O'Rourke ("O'Rourke"), and Shoptiques, Inc. ("Shoptiques"), (collectively, "defendants"). (See Dkt. 1, Complaint).

"[F]or claims of copyright infringement[,] venue is proper in the district in which the defendant or his agent resides or may be found. The Ninth Circuit interprets [28 U.S.C. § 1400] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Adobe Systems Incorporated v. Blue Source Group, Inc., 125 F.Supp.3d 945, 959 (N.D. Cal. 2015) (internal citations and quotation marks omitted).

As an initial matter, the Complaint does not allege any facts to support the court's exercise of specific and/or general personal jurisdiction over any of the defendants in the Central District of California. (See, generally, Dkt. 1, Complaint). Moreover, it appears that on May 23, 2018, Judge Manuel Real dismissed the exact same copyright claims, (see Case No. CV 17-6854-R-AGRx, Dkt. 58, Judge Real's Order of May 23, 2018), involving the exact same registered copyright, VA 2-049-419, against at least one of the same defendants in the present Complaint, Shoptiques. (Compare Dkt. 1, Complaint; Dkt. 1-1, Exhibits ("Exhs.") with Joanne Fabrics, Inc. et al. v. Marigold Fashion, Inc., Case No. CV 17-6854-R-AGRx, Dkt. 1 & 1-1). Plaintiff's current counsel also represented plaintiff in the matter before Judge Real.

"Whenever an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action," Local Rule 83-1.2.2 imposes a duty on every attorney admitted to practice before the District Courts of the Central District of California to file a Notice of Related Case pursuant to Local Rule 83-1.3. Inexplicably, plaintiff's counsel, on the Civil Cover Sheet, (Dkt. 2), specifically indicated that the claims asserted in the Complaint are neither identical nor related to any previously-filed matter in the Central District. (See id. at ¶¶ IX(a) & IX(b)). In any event, it appears that Shoptiques was dismissed with prejudice by Judge Real. (See Joanne

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3989 FMO (Ex) | Date | July 2, 2018 |
|---|---|---|---|
| Title | Tropical Textile, Inc. v. J & S, LLC, <u>et</u> al. | | |

<u>Fabrics</u>, Case No. CV 17-6854-R-AGRx, Dkt. 58).

 Based on the foregoing, IT IS ORDERED that:

 1. No later than **July 9, 2018**, plaintiff's counsel shall show cause why: (1) this action should not be dismissed for lack of personal jurisdiction and/or improper venue; (2) defendant Shoptiques should not be dismissed from this action; and (3) sanctions should not be imposed against plaintiff's counsel for: (a) failure to file a notice of related case or otherwise advise the court that it had filed another action asserting the same copyright against at least one overlapping defendant; and/or (b) asserting the same claims and seeking default against a defendant (Shoptiques) who was dismissed in another action. The response to this Order to Show Cause must include, at a minimum, declaration, under penalty of perjury, that addresses the issues set forth above.

 2. **Failure to file a timely response to this Order to Show Cause shall be deemed as consent to the dismissal of the action for lack of personal jurisdiction or improper venue and/or failure to comply with the orders of the court. In addition, failure to file a timely response may result in the imposition of sanctions against plaintiff and/or plaintiff's counsel.**

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |